(C.D. 4488)

C. B. SMITH CO., INC. *v.* UNITED STATES

Court No. 67/46841

(Decided December 6, 1973)

*Stein & Shostak* (*Leonard M. Fertman* of counsel) for the plaintiff.
*Irving Jaffe*, Acting Assistant Attorney General (*David B. Greenfield*, trial attorney), for the defendant.

RICHARDSON, Judge: The merchandise at bar, described as "Birch Edge Glued Squares" or "Birch Edge Glued Lumber" was classified in liquidation under item 207.00, TSUS, as articles of wood, not specially provided for, at the duty rate of 16⅔ *per centum ad valorem*. It is claimed by the plaintiff-importer that the merchandise should be classified under item 202.53, TSUS, as hardwood, edge-glued or end-glued,

not over 6 feet in length or over 15 inches in width, and not drilled or treated, at the duty rate of 5 *per centum ad valorem.*

In its complaint plaintiff alleges, among other things, that the subject merchandise is similar in all material respects to the merchandise the subject of *C. B. Smith & Co.* v. *United States*, 64 Cust. Ct. 278, C.D. 3991 (1970), and further, requests that judgment issue directing the district director to reliquidate the involved entries under item 202.53, TSUS, in accordance with its claim. In its answer the defendant admits all of the allegations of the complaint, and consents to the entry of judgment sustaining plaintiff's claim as to "Birch Edge Glued Squares" or "Birch Edge Glued Lumber." Plaintiff has made a motion for judgment on the pleadings pursuant to court rule 4.9.

In the case cited in the complaint the merchandise consisted of hardwood (birch) which was glued, not drilled or treated, and not over 6 feet in length or 15 inches in width, and not dedicated to any particular use. The court, after extensively reviewing the legislative history of item 202.53, TSUS, and the evidence as to practices in the lumber industry, held that the imported merchandise was dutiable under item 202.53, TSUS, as claimed, and not under item 207.00, TSUS, as classified. In the instant case defendant admits that the merchandise at bar is similar in all material respects to the merchandise the subject of the cited case. Consequently, since the pleadings fail to raise any triable issue in the case the necessity for further proceedings in this action is obviated.

Plaintiff's claim for classification of "Birch Edge Glued Squares" or "Birch Edge Glued Lumber" under item 202.53, TSUS, is sustained. The motion for judgment on the pleadings is granted.